**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Criminal No. 1:24cr77-HSO-BWR**

**RUSTY HOLLOWAY**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT RUSTY HOLLOWAY'S MOTION [25] FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)**

Defendant Rusty Holloway was sentenced to 84 months in prison for brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* J. [16] at 1. He previously sought reduction of his sentence under 18 U.S.C. § 3582(c)(2), *see* Mot. [22], which this Court denied, *see* Order [24] (filed under seal). Defendant now seeks compassionate release under 18 U.S.C. § 3582(c)(1), *see* Mot. [25], but the Motion [25] should be denied because it fails to demonstrate any factual precondition justifying compassionate release.

## I. BACKGROUND

On October 20, 2022, Defendant Rusty Holloway ("Holloway" or "Defendant") assaulted a United States postal worker while she was delivering mail. *See* PSR [14] (filed under seal) at 4. Holloway approached the postal worker, pointed a gun at her forehead, and held it there for approximately one minute. *See id.* at 7. Holloway then lowered his gun and allowed her to return to her mail truck, only to shoot at her twice as she drove away; one bullet struck the mail truck. *See id.*

Holloway then assaulted and shot a Sparklight Cable Company employee while he was installing cable service at a nearby residence. S*ee id.* Holloway approached and threatened the employee with a gun before grabbing him by the neck and directing him to go inside the house. *See id.* When the employee turned his back, Holloway shot at him. *See id.* But this time, a bullet grazed the employee's rib cage. *See id.*

On June 27, 2024, the Government filed a Bill of Information [1] charging Holloway with one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Dkt. [1]. The next day, Holloway waived his right to prosecution by indictment, consented to prosecution by information, *see* Dkt. [7] (Waiver), and pled guilty under a Plea Agreement [9] with the Government, *see* Plea Agreement [9].

Per the Presentence Investigation Report ("PSR"), the "guideline term of imprisonment of the count of conviction [was] seven years (84 months)." PSR [14] (filed under seal) at 9. On October 22, 2024, the Court sentenced Defendant to an 84-month term of imprisonment, five years of supervised release, restitution in the amount of $2,639.03, and a $100.00 special assessment fee. *See* J. [16].

Having served roughly 24 months of his 84-month term of imprisonment at the time of this Order, Holloway now seeks compassionate release under 18 U.S.C. § 3582(c)(1). *See* Mot. [25]. Holloway substantively bases his request on (1) alleged medical necessity and the Bureau of Prison's (BOP) alleged failure to provide adequate medical care; and (2) alleged rehabilitation. *Id.* at 2-11.

## II. DISCUSSION

### A. Legal Authority

18 U.S.C. § 3582 provides that a judgment of conviction generally constitutes a final judgment. *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (citing 18 U.S.C. § 3582(b)). Nonetheless, a sentence can be modified under the provisions of 18 U.S.C. § 3582(c). *Id.* (citing 18 U.S.C. § 3582(c)). Here, Defendant seeks a modification under 18 U.S.C. § 3582(c)(1), which states, in relevant part:

> in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement here is U.S.S.G. § 1B1.13, which provides that a upon proper motion of the BOP or a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), courts can grant compassionate release (classified as a form of sentence modification) if:

> The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(C).

In deciding whether to grant or deny compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court is also obligated to consider the sentencing factors set forth at 18 U.S.C. § 3553(a) to the extent they are applicable. *Ward v. United States*, 11 F.4th 354, 360-61 (5th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
>
> * * *
>
> (5) any pertinent policy statement—
>> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1-7). The burden is on the defendant to convince a court to exercise its discretion to grant compassionate release. *Ward*, 11 F.4th at 361 (citing *Shkambi*, 993 F.3d at 392).

B. Analysis

As a threshold matter, the Government's brief appears to concede, and the record supports, that Holloway exhausted his administrative remedies. Resp. [26] at 7; Mot. [25-1] at 1-2 (showing emails sent by Holloway to "Warden" and "Warden's Office" on February 16, 2026, and April 7, 2026, respectively, seeking compassionate release. Both emails were sent over 30 days prior to Holloway's Motion [25] for compassionate release, per 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement). The Court thus proceeds to the merits.

1. Holloway's Alleged Medical Necessity and the BOP's Alleged Failure to Provide Adequate Medical Care

Holloway's principal asserted justification for compassionate release is that his alleged medical needs and the BOP's alleged failure to meet those needs constitute "extraordinary and compelling reasons" sufficient to grant release, 18 U.S.C. § 3582(c)(1)(A)(i), and that such release would be consistent with the Sentencing Commission's policy statement authorizing release where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," U.S.S.G. § 1B1.13(b)(1)(C). Mot. [25] at 2-5. But Holloway has not established that he is suffering from a sufficiently severe medical condition that he is not being provided care for.

Holloway argues that "the combination of his medical conditions including—[diverticulitis], hypertension, obesity, a rapidly rising PSA level above 10.00 at present, abnormal tumor markers (R97.8), painful Gout episodes, in conjunction with bipolarism—satisfies policy statement U.S.S.G. § 1B1.13(b)(5)[1] [and] U.S.S.G. § 1B1.13(b)(1)(C)." *Id.* at 3. The Fifth Circuit, however, has previously stated that hypertension does not qualify as "extraordinary" under § 3582(c)(1)(A)(i), *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021), nor does obesity or a non-terminal cancer diagnosis,[2] *United States v. Rodriguez-Flores*, No. 23-60382, 2023 WL 8712047, at *1 (5th Cir. Dec. 18, 2023). And another district court in the Fifth Circuit has held that diverticulitis, combined with other medical conditions, also does not warrant compassionate release absent a terminal prognosis (which Holloway has not alleged). *See United States of America v. Theodore W. Taylor*, No. 4:17-CR-09(1), 2026 WL 2350279, at *7 (E.D. Tex. Aug. 13, 2026). That leaves only Holloway's gout and bipolar medical conditions unaddressed by caselaw. And in light of the fact that he is receiving treatment for both, *see* Dkt. [29] (Exhibit B) (filed under seal) at 17-19 (gout treatment record); *id.* at 18 (bipolar treatment record), the Court finds no basis for the claim that Holloway "is suffering from a medical condition that requires long-term or specialized medical care *that is not*

---

[1] U.S.S.G. § 1B1.13(b)(5) is a catch-all provision permitting courts to grant compassionate release for reasons similar in gravity to those listed in § 1B1.13(b)(1-4). Holloway's request only submits argument concerning medical circumstances, addressed by § 1B1.13(b)(1), so the Court declines to engage in any additional analysis under § 1B1.13(b)(5).

[2] The Court liberally construes Holloway's statements concerning "a rapidly rising PSA level above 10.00 at present [and] abnormal tumor markers (R97.8)," Mot. [25] at 3, to refer to the possible onset of prostate cancer. Regardless, Holloway has not alleged, let alone provided evidence of, a terminal cancer diagnosis.

*being provided* and without which the defendant is at risk of serious deterioration in health or death," U.S.S.G. § 1B1.13(b)(1)(C) (emphasis added).

In fact, there is record evidence that Holloway is being treated for all of his medical conditions that require medical care, not just those conditions that Fifth Circuit caselaw has not yet analyzed under § 3582(c)(1)(A)(i). *See e.g.*, Dkt. [29] (Exhibit B) (filed under seal) at 18-19 (hypertension treatment record); *id.* at 9 (prostate treatment record).[3] And even considering all of Holloway's separate comorbid conditions in combination, the Court does not find they prove an "extraordinary and compelling reason" consistent with the applicable policy statement sufficient to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(b)(1)(C); *see also United States v. Rodriguez-Flores*, No. 2:05-CR-21-KS-MTP, 2023 WL 4306755, at *3, *5 (S.D. Miss. June 30, 2023), *aff'd*, No. 23-60382, 2023 WL 8712047 (5th Cir. Dec. 18, 2023) (holding that a defendant with remitted cancer that suffered from Type II diabetes, an enlarged prostate, obesity, kidney stones, hypertension, and nausea had not provided justification for compassionate release under § 3582(c)(1)(A)(i) and § 1B1.13(b)(1)(C)).

In sum, Holloway's medical conditions do not justify compassionate release, and in any event, he is receiving appropriate medical treatment. Holloway has not proven himself qualified for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(1)(C).

---

[3] In addition, Holloway's "clinical encounter" reports from the BOP repeatedly state he can "[f]ollow-up . . . as needed," further corroborating that Holloway has not demonstrated any medical condition for which he is not being provided care. *See, e.g.*, Dkt. [29] (Exhibit B) (filed under seal) at 5, 11, 13.

2. Holloway's Alleged Rehabilitation

Holloway writes extensively concerning his rehabilitative progress in his conduct and state of mind since the start of his term of imprisonment. Mot. [25] at 6-9. While the Court encourages Defendant to continue on the path of self-betterment, rehabilitation alone does not warrant compassionate release. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for compassionate release]"). Given the foregoing analysis that Holloway has not demonstrated any additional reason atop rehabilitative progress to grant compassionate release, the Court cannot grant that relief on this basis, either.

3. The Section 3553(a) Factors

Even if Defendant had produced extraordinary and compelling reasons warranting compassionate release, he must still demonstrate that the 18 U.S.C. § 3553(a) factors weigh in his favor. *See Ward*, 11 F.4th at 360-61. He has not.

a. Nature and Circumstances of the Offense and Holloway's History and Characteristics; Need for the Sentence Imposed

Relevant to the factor under § 3553(a)(1), Holloway was originally convicted on one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). That offense is inherently dangerous. *See* 18 U.S.C. § 3142(e)(3)(B). The underlying nature and circumstances of Holloway's offense have not changed in the 24 months since he was sentenced. Because of the danger his criminal conduct posed to society, this factor weighs against granting compassionate release.

Similarly, under § 3553(a)(2), the need for the sentence imposed to "provide just punishment for the offense and afford adequate deterrence to criminal conduct" cautions against compassionate release. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (internal quotation marks omitted). Holloway held a gun to a postal worker's head while screaming obscenities and shot a cable technician. PSR [14] (filed under seal) at 7-8. Granting compassionate release 2 years into a 7-year minimum term of imprisonment is not warranted on those facts. This factor weighs against granting compassionate release, too.

b. Kinds of Sentences Available; Sentencing Range Established for Holloway's Offense

Holloway was sentenced to the mandatory minimum sentence of 7 years (84 months) for the offense of which he was convicted. *Id.* at 9. The Fifth Circuit presumes that sentences within the guidelines range, like Holloway's, are reasonable. *United States v. Rodriguez*, 136 F.4th 258, 269 (5th Cir. 2025), *cert. denied*, 145 S. Ct. 2861 (2025). Thus, both the § 3553(a)(3) and § 3553(a)(4) factors cut against compassionate release.

c. Pertinent Policy Statements

Holloway's arguments for compassionate release under the pertinent policy statement, U.S.S.G. § 1B1.13(b)(1)(C), have been discussed at length, *supra* at 5-7, and Holloway has not shown that he has satisfied § 1B1.13(b)(1)(C)'s requirements for compassionate release. Thus, § 3553(a)(5) weighs against his request.

d. Need to Avoid Unwarranted Sentencing Disparities

As noted with reference to § 3553(a)(3) and (a)(4), Holloway was sentenced to the statutory mandatory minimum term of imprisonment. PSR [14] (filed under seal) at 9. It would thus *create* an unwarranted sentencing disparity to release him 5 years below the mandatory minimum sentence for his offense. Moreover, courts in the Fifth Circuit have typically denied compassionate release to defendants similarly situated to Holloway. *See, e.g., United States v. Guerrero*, 857 F. App'x 844, 845 (5th Cir. 2021) (denying compassionate release to defendant convicted of violating 18 U.S.C. § 924(c)(1) who failed to show extraordinary and compelling circumstances and failed to satisfy the § 3553(a) factors); *United States v. Jackson*, No. 3:14-CR-238-D, 2023 WL 8791180, at *3 (N.D. Tex. Dec. 19, 2023) (denying compassionate release to defendant convicted of violating 18 U.S.C. § 924(c) who demonstrated extraordinary and compelling reasons, but failed to satisfy the § 3553(a) factors). Section 3553(a)(6), therefore, also argues against compassionate release.

e. Need to Provide Restitution to Victims of the Offense

Restitution in the amount of $2,639.03 was ordered to the victims of Holloway's offense.[4] J. [16] at 6. He has, by his own accounting, paid $250.00 of that amount while in prison. Mot. [25] at 6. The Court thus finds that Holloway is satisfactorily contributing to his restitution judgment while in prison, and that the § 3553(a)(7) factor is neutral as to granting compassionate release.

---

[4] The Government incorrectly advises that restitution was not imposed in this case, Resp. [26] at 13 n.4., and so does not address the § 3553(a)(7) factor.

Accordingly, all of the § 3553(a) factors, apart from § 3553(a)(7) (which is neutral), weigh against granting compassionate release. On that basis and because Holloway has not convinced the Court there exists any extraordinary and compelling reason to grant compassionate release, his Motion [25] should be denied.

## III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Rusty Holloway's Motion [25] for Compassionate Release is **DENIED**.

**SO ORDERED**, this the 14th day of October, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE